## Chicago, Burlington & Quincy R. R. Co. v. Dannel.

1. *Railroads—Injuries to Domestic Animals—Negligence.*—In an action to recover damages for the killing of domestic animals which, escaping from the plaintiff's premises, were upon the defendant's track, it appeared that the company had fenced its track as the law required and provided a gate for the use of the plaintiff at his farm crossing. The gate was made to slide between posts at one end, but the plaintiff changed it so that it hung upon hinges, and at the time of the injury complained of, it was so fastened that stock might push it open by rubbing against it. From the plaintiff's own testimony it appeared that while the gate was closed and fastened an hour or two before the injury occurred, it was found open shortly after. This appearing, *it was held* that the animals got upon the track through no negligence of the company, and that the plaintiff could not recover.

Memorandum.—Action for injuries to domestic animals. Appeal from the County Court of Jersey County; the Hon. ALLEN M. SLATEN, County Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

The opinion of the court states the case.

SWEENEY & WALKER, attorneys for appellant.

O. F. PRICE and THOS. F. FERNS, counsel.

HAMILTON & LEACH, attorneys for appellee.

OPINION OF THE COURT.

The appellee recovered a judgment against appellant for $400, for the value of four horses and a bull injured by the appellant's train.

The declaration contained two counts: 1st. For negligence in not building and maintaining a proper fence, whereby the animals came on the track. 2d. For willfully and negligently driving the engine upon the stock, etc.

The jury, by special finding of facts submitted at suggestion of plaintiff, determined that the allegations of the first count were not sustained by the proof, and it is clear there was no sufficient evidence to support that count. The company had fenced the track as the law requires, and had provided a gate for the use of the plaintiff at a farm crossing. This gate, which was made to slide between posts at one end, had been changed by plaintiff so as to hang upon hinges, to suit his own convenience, and was so fastened that stock might push it open by rubbing against it. From the plaintiff's own testimony, it appears that while it was closed and fastened an hour or two before the accident, it was found open shortly after. The stock, then, got upon the track through no fault of the company, and the question is whether the allegation that the defendant, by its agents, willfully and negligently ran the engine upon and against the stock, is sustained by the proof.

We have no hesitation in saying that it is not. The evidence offered by plaintiff wholly failed to sustain the charge. It is only by inference drawn from the position of the animals when found that this is attempted.

It appears that they were in a cut just beyond an embankment. The accident occurred in the night time, and aside from the speed of the train, which some of the witnesses think was unusual, we find nothing tending to place the train men under the charge of negligence. The speed, we are satisfied, was not unreasonable, and probably not unusual. The affirmative evidence of the train men shows that the

animals were not discovered in time to prevent the injury, although a proper lookout had been kept up; and while every effort was made to stop the train, and while it was stopped within a reasonable distance, it was impossible to avoid striking the stock.

The appellee argues that from the distance intervening between the first and the last animal, and from the hoof marks, it is apparent the train men, in the exercise of due care, might have saved a part or all of the stock. After a full examination we regard the *data* as well as the conclusion reached by this argument wholly unsatisfactory, and that property should not be taken from one and given to another upon grounds so unsubstantial. When all the inferences drawn from the plaintiff's proof are not of themselves sufficient to make out a case, and when they are overcome by the direct proof offered by defendant, the result should clearly have been otherwise.

We deem it unnecessary to recite or discuss the proof more in detail, as no useful purpose would be attained thereby, and will merely announce the conclusion we have reached after thoroughly reading and considering the evidence, and the arguments thereon. The judgment will be reversed and the cause remanded.